PS 8
(3/15)

# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 24, 2021**

SEAN F. MCAVOY, CLERK

| U.S.A. vs. | Mendoza, Javier | Docket No. | 0980 1:20CR02014-SAB-3 |
|---|---|---|---|

### Petition for Action on Conditions of Pretrial Release

COMES NOW, Arturo Santana, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant, Javier Mendoza, who was placed under pretrial release supervision by the Honorable Chief U.S. District Judge Stanley A. Bastian, sitting in the Court at Yakima, Washington, on the 9th day of July 2020, under the following conditions:

**Condition #1**: Defendant shall not commit any offense in violation of federal, state, or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within 1 business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**Special Condition #5**: Defendant shall abstain totally from the use of alcohol.

**Special Condition #8**: Defendant shall participate in a program of GPS location monitoring. The defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event the defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the Unites States Marshals Service, who shall immediately find, arrest and detain the defendant. The defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1**: Javier Mendoza is alleged to be in violation of his pretrial release conditions by committing the crime of driving under the influence and operating a motor vehicle without an ignition interlock device on February 21, 2021.

On July 10, 2020, the conditions of pretrial release supervision were reviewed with Mr. Mendoza. He acknowledged an understanding of his conditions, which included standard condition number 1.

On February 21, 2021, per the Sunnyside Police Department incident report number 21S01544, at approximately 3:45 p.m., dispatch received a call in reference to a hit and run collision. Officer Porter was dispatched to 413 South Eighth Street. Details from the call advised a red sedan had struck two parked vehicles and fled the scene.

Upon arrival, Officer Porter made contact with the reporting party/victim, who advised him the suspect was now on the scene. Officer Porter located the suspect driver standing next to the suspect vehicle, which had sustained rear end damage. The suspect vehicle was a 2013 Chevrolet Cruze, bearing Washington license plate AZP8058. He immediately recognized the driver as Javier Mendoza (05-10-1983) from prior driving under the influence (DUI) arrests.

Officer Porter asked Mr. Mendoza what happened and he stated he had backed into the vehicles. He asked Mr. Mendoza for his license, registration and proof of insurance. Mr. Mendoza struggled to get his license out of his wallet and Officer Porter observed a lack of fine motor skills. He also observed Mr. Mendoza was lethargic in his movements. Mr. Mendoza retrieved his registration from the vehicle and Officer Porter asked him how much he had to drink. As Mr. Mendoza was speaking with to he officer, he noticed his speech was extremely slurred and the officer could not understand part of what he was telling him.

PS-8

**Re: Mendoza, Javier**
**February 24, 2021**
**Page 2**

Mr. Mendoza claimed to not have drank anything that day and when the officer asked him if he would submit to voluntary field sobriety tests three separate times, he claimed to not understand. Mr. Mendoza then stated he would not do the sobriety tests and the officer advised him he was under arrest for DUI. While placing Mr. Mendoza in handcuffs, the officer could smell the odor of intoxicants from Mr. Mendoza through the officer's face mask.

Mr. Mendoza was argumentative and the officer placed him in his vehicle. The officer advised the victims he would return later as Mr. Mendoza was uncooperative. The officer read Mr. Mendoza his Miranda warnings verbatim from his department-issued card and Mr. Mendoza gave an affirmative response that he understood at approximately 4:11 p.m. The officer asked Mr. Mendoza if he was going to cooperate for the breath alcohol content (BAC) sample, and he stated he would not. A check of Mendoza's Department of licensing (DOL) return showed an ignition interlock restriction, but the officer did not locate one in the vehicle. The officer transported Mr. Mendoza to the Sunnyside City Jail who was irate during the duration of the transport.

At the jail, Mr. Mendoza stated he was on federal probation and had an ankle monitor attached to his ankle. The officer allowed Mr. Mendoza to use his telephone to attempt to contact his probation officer, Arturo Santana, but was unsuccessful in doing so. Mr. Mendoza continued to insult and berate the officer during the booking process. Mr. Mendoza was placed into a holding cell by himself and stated that someone was going to come get the keys for the vehicle that were located in his pants pocket. The officer drafted a blood search warrant affidavit and contacted Judge Michels on a recorded line who granted the warrant at approximately 5 p.m.

The officer recontacted Mr. Mendoza in his holding cell and observed he was passed out. The officer had to sternum rub him to get him to wake up, and the cell smelled of alcohol. The officer attempted to walk Mr. Mendoza out to his vehicle, but he was uncooperative. After several minutes, Mr. Mendoza was placed in a police department vehicle. Officer Porter requested Officer Chiprez to assist him with the blood draw. During the transport to Astria Sunnyside Hospital, Mr. Mendoza stated "I'm a drug dealer," and made vague threats toward Officer Porter. Mr. Mendoza accused the officer of targeting him and continued to insult him.

Upon arrival at the hospital, Mr. Mendoza was admitted for the lab work. Once in the lab room, Mr. Mendoza told the officer to take his handcuffs off so they could "go one on one." Officer Porter read the warrant to Mr. Mendoza through his interruptions and two vials of blood were drawn from his right arm. Mr. Mendoza refused to be transported back to the jail by Officer Porter and requested to be transported by Officer Chiprez. Officer Porter transported Mr. Mendoza back to the jail to be booked and Mr. Mendoza went on about how his lawyer was "going to fuck" him. About an hour later, Officer Porter contacted Mr. Mendoza as he was being processed, Mr. Mendoza continued to deny driving the vehicle, told the officer about all of the money he has and ultimately apologized to him. Officer Porter explained to Mr. Mendoza that he did not have to be caught in the vehicle to be charged with DUI.

Officer Porter completed a criminal citation for operating a motor vehicle without ignition interlock device and a notice of infraction for improper backing that were placed into Mr. Mendoza's property. Mr. Mendoza was also booked for DUI with no bail and charges pending blood results from the toxicology laboratory. A collision report was completed for the incident. Officer Porter did not request to charge Mr. Mendoza for hit and run as he returned to the scene approximately 20 minutes after the collision.

Mr. Mendoza was booked into the Sunnyside City Jail.

On February 22, 2021, Mr. Mendoza was arraigned in Sunnyside Municipal Court and charged with driving under the influence and operating a motor vehicle without ignition interlock. Bail was set at $10,000. A trial date was set for April 23, 2021.

On February 22, 2021, Mr. Mendoza posted bail and was released from custody pending his trial date.

**Re: Mendoza, Javier**
**February 24, 2021**
**Page 3**

**Violation #2**: Javier Mendoza is alleged of being in violation of his pretrial release conditions by consuming alcohol on February 21, 2021.

On July 10, 2020, the conditions of pretrial release supervision were reviewed with Mr. Mendoza.  He acknowledged an understanding of his conditions, which included special condition number 5.

On February 21, 2021, this officer was alerted by BI Incorporated that Mr. Mendoza did not return to his set inclusion zone (area surrounding and including Mr. Mendoza's residence) on time at 3 p.m. This officer made multiple attempts to contact Mr. Mendoza with no success.  Moments later, this officer received a call from Mr. Mendoza once he had returned to his residence. Mr. Mendoza had extreme slurred speech and sounded as if he was intoxicated.  Mr. Mendoza was asked if he had been consuming alcohol.  Mr. Mendoza had a difficult time understanding this officer and would only ask, "I have to tell you where I am going all the time?" As Mr. Mendoza could not comprehend my questioning and his inability to communicate was clear, Mr. Mendoza was instructed to stay home and contact this officer the following day to discuss his behavior further.

On February 23, 2021, Mr. Mendoza was asked what was going on February 21, 2021, when I spoke with him.  Mr. Mendoza stated he was at a local boutique, hanging out with some friends and ultimately consumed some shots of alcohol.

**Violation #3**: Javier Mendoza is alleged of being in violation of his pretrial release conditions by deviating from his approved leave schedule on February 21, 2021.

On July 10, 2020, the conditions of pretrial release supervision were reviewed with Mr. Mendoza.  He acknowledged an understanding of his conditions, which included special condition number 8.

On February 21, 2021, Mr. Mendoza was preapproved leave to spend time with his daughters by attending church services and having lunch with them.  His time out was scheduled from 11 a.m. to 3 p.m.

At 3:29 p.m., this officer received an alert notification stating Mr. Mendoza failed to enter his set inclusion zone at 3 p.m., as scheduled. This officer immediately began to investigate Mr. Mendoza's whereabouts.  He was mapped to be at 505 South Seventh Street in Sunnyside.  This location houses a small shopping mall to include Luxe Beauty Lounge. This officer attempted to contact Mr. Mendoza on his cellular telephone and there was no answer.  This officer sent audio messages to his location monitoring tracker instructing him to contact his officer; moments later, this officer received a telephone call from Mr. Mendoza.  Mapping showed Mr. Mendoza was inside his set inclusion zone, which is 1 city block away from the shopping mall he was previously at.

Mr. Mendoza was asked why he did not return home on time.  Mr. Mendoza had extreme slurred speech and could not understand my questioning.  This officer asked Mr. Mendoza where he was at earlier.  Mr. Mendoza's only response was asking this officer if he had to report on all the places he went. This officer let Mr. Mendoza know he needs permission for all activities, and again Mr. Mendoza asked the same question back.  This officer asked Mr. Mendoza if he had been consuming alcohol, and Mr. Mendoza could not provide a clear answer.  He had a difficult time processing the questions and his speech was incoherent.  Mr. Mendoza was instructed to remain at his residence.

At 3:41 p.m., this officer received an alert notification that Mr. Mendoza left his set inclusion zone without permission. This officer reviewed the mapping and found Mr. Mendoza returned to the same shopping mall area. This officer attempted to contact Mr. Mendoza via telephone calls and messages to his location monitoring tracker; Mr. Mendoza did not respond. At 3:57 p.m., Mr. Mendoza returned to his residence.

PRAYING THAT THE COURT WILL ORDER A WARRANT

PS-8

**Re: Mendoza, Javier**
**February 24, 2021**
**Page 4**

I declare under the penalty of perjury
that the foregoing is true and correct.

Executed on:    February 24, 2021

by    s/Arturo Santana

Arturo Santana
U.S. Pretrial Services Officer

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    The incorporation of the violation(s) contained in this
       petition with the other violations pending before the
       Court.
[ ]    Defendant to appear before the Judge assigned to the case.
[X]    Defendant to appear before the Magistrate Judge.
[ ]    Other

Signature of Judicial Officer
2/24/2021

Date